COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


JAMES H. SUDDRETH
                                        MEMORANDUM OPINION*
v.    Record No. 1005-01-4                  PER CURIAM
                                         AUGUST 14, 2001
LOUDOUN COUNTY BUILDING AND
 DEVELOPMENT/LOUDOUN COUNTY
 BOARD OF SUPERVISORS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (James E. Swiger; Swiger & Cay, on brief),
            for appellant.

            (Susan A. Evans; Christine A. McKee-Clark;
            Siciliano, Ellis, Dyer & Boccarosse, on
            brief), for appellee.


     James H. Suddreth (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that his March 7, 1998 non-work-related right knee injury was a

compensable consequence of his compensable August 16, 1996

injury by accident.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

> "When a primary injury under the Workmen's Compensation Act is shown to have arisen out of the course of employment, every natural consequence that flows from the injury is compensable if it is a direct and natural result of a primary injury. . . .  This doctrine extends the canopy of the Workmen's Compensation Act to the resulting injury. This is so because the second injury is treated as if it occurred in the course of and arising out of the employee's employment."

Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 668-69, 508 S.E.2d 335, 338 (1998) (citations omitted).  The doctrine of compensable consequences provides that "'where the chain of causation from the original industrial injury to the condition for which compensation is sought is direct, and not interrupted by any intervening cause attributable to the employee's own intentional conduct, then the subsequent condition should be compensable.'"  Id. at 669, 508 S.E.2d at 338 (citations omitted).

In ruling that claimant failed to prove that the March 7, 1998 right knee injury flowed as a direct and natural result of the August 16, 1996 right knee injury, but rather resulted from

- 2 -

an independent intervening cause, the commission found as

follows:

> After the claimant's August 16, 1996,
> accident, he returned to full-duty
> employment and did not miss work thereafter
> due to the compensable injury.  On March 30,
> 1998, he advised Dr. [Thomas] Walker that
> although he had occasional discomfort, he
> did not experience swelling or "give way"
> weakness of his right knee after the 1996
> surgery.  The claimant testified that as he
> tried to get out of the water on March 7,
> 1998, the current pushed his feet, and he
> "probably twisted [his] knee. . . ."  It is
> clear from his testimony that he is not at
> all certain what happened to his knee as he
> struggled to get out of the swiftly moving
> 45-degree water.  The claimant is unable to
> prove that any sequela from the 1996 injury
> caused him to twist his knee.  On these
> facts, it is just as likely that his
> struggle against the current of the cold
> water or a slip on the muddy and rocky
> riverbank caused his knee injury.

Based upon claimant's testimony regarding the manner in

which he sustained the March 7, 1998 knee injury, the

commission, as fact finder, could reasonably conclude that

claimant's evidence was not sufficient to prove that the 1998

injury was a compensable consequence of the 1996 injury.

Claimant's testimony established that he thought he injured his

right knee in March 1998 when he placed his right leg on the

river bottom and it was hit in the side by the fast moving water

current as he tried to exit the river onto the muddy and rocky

riverbank.  He believed that he "probably twisted [his] knee" at

that time.  Neither claimant's testimony nor the medical

evidence established that his degenerative right knee condition itself caused him to sustain the March 7, 1998 new injury to his right knee. Rather, the uncontradicted evidence showed that claimant had worked full-duty without restrictions from December 3, 1996 until the March 7, 1998 non-work-related accident. During that time period, he did not seek additional medical treatment for any problems related to his right knee.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>